**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

AARON LUCERO,

    Plaintiff,

v.

APRIA HEALTHCARE, LLC,

    Defendant.

___

**COMPLAINT AND JURY DEMAND**
___

Plaintiff Aaron Lucero, by and through undersigned counsel, brings this Complaint and Jury Demand against Defendant Apria Healthcare, LLC and states the following in support:

**NATURE OF ACTION**

Plaintiff Aaron Lucero ("Lucero" or "Plaintiff") loyally served as a Branch Logistics Manager for Defendant Apria Healthcare, LLC ("Apria" or "Defendant"). Plaintiff brings this action for damages against Apria as a result of Apria's discrimination and retaliation against Plaintiff because of his physical disability in violation of the Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 328 (1990)(42 U.S.C. ch. 126 § 12101, et seq.), as amended ("ADA").

**PARTIES**

1. Plaintiff worked as an employee of Apria and was a resident of Colorado during his employment with Defendant.

2. Plaintiff is a member of a protected class of individuals as defined by ADA § 12102. Specifically, Plaintiff suffers from a qualifying physical disability that substantially impacts major life activities.

3. Defendant is an employer as defined by ADA § 12111.

4. Defendant is a Foreign Limited Liability Company registered in Delaware with a principal office located at 26220 Enterprise Court, Lake Forest, California 92630.

5. Defendant employed more that fifteen (15) employees during Plaintiff's employment.

## JURISDICTION AND VENUE

6. Jurisdiction is asserted pursuant to the ADA. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.

7. Jurisdiction is also proper pursuant to 28 U.S.C. § 1332 in that Defendant is a citizen of a foreign state and the amount in controversy exceeds $75,000.00.

8. This Court has personal jurisdiction over Defendant pursuant to C.R.S. § 13-1-124 because Defendant transacts business in the State of Colorado.

9. Venue is proper pursuant to 28 U.S.C. §1391(b)(2), as the Defendant conducts business within this District and the acts alleged by Plaintiff occurred in this District.

## ADMINISTRATIVE HISTORY

10. Plaintiff has timely and properly exhausted his administrative remedies by dual filing an initial Charge of Discrimination alleging disability discrimination and retaliation on or about December 13, 2018 with the Colorado Civil Rights Division ("CCRD") and the Equal Employment Opportunity Commission, Charge No. FE2019167193 / 32A-2019-00208.

11. This lawsuit is timely filed within ninety (90) days after Plaintiff's receipt of the Closing Action and Notice of Right to Sue from the CCRD postmarked February 3, 2020.

## FACTUAL ALLEGATIONS

12. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

13. On or about July 1, 2013, Apria hired Lucero as a Patient Services Technician.

14. Lucero performed his job duties satisfactorily, receiving a promotion to Transportation Lead on or about November 24, 2014.

15. These positions at Apria required Lucero to lift heavy items at times.

16. On or about November 2, 2015, Lucero suffered a work-related injury to his lower back that led to a permanent modification of his job duties through his workers' compensation claim, including some restrictions on lifting, pushing, and pulling.

17. The permanent modifications were limited, and Lucero could perform the essential functions of the job without issue.

18. Lucero continued to perform satisfactorily for Apria, receiving a promotion to Branch Logistics Manager ("BLM") on or about March 27, 2017.

19. Keith Burt ("Burt"), Lucero's General Manager, recruited Lucero for the BLM position and informed him that Apria would continue to recognize Lucero's permanent work restrictions.

20. Essential functions of the BLM position included occasional lifting/carrying 10-160 pounds and occasionally pushing/pulling 20-60 pounds.

21. Burt explained that the position of BLM would require less driving and lifting required for home or facility deliveries, and instead Lucero would work more in an office role.

22. Burt explained that Lucero should not be concerned about the physical requirements of the BLM position.

23. Lucero performed the responsibilities of BLM without issue following his acceptance of the position.

24. Lucero worked as a BLM at the Apria facility located at 7367 South Revere Parkway, Suite 2-C, Centennial, Colorado 80112.

25. On or about September 13, 2017, Apria granted Lucero's permanent accommodation request.

26. On or about September 24, 2017, Lucero took a leave of absence to deal with an unrelated medical condition.

27. On or about December 1, 2017, while out of work on medical leave, Plaintiff suffered injuries stemming from a motor vehicle collision.

28. Plaintiff's physical injuries sustained in the collision caused significant physical limitations that are expected to remain for the duration of Plaintiff's life.

29. Plaintiff suffers from a qualifying physical disability as a result of the collision. Specifically, Plaintiff has bulging discs in his neck and back, as well as nerve damage in his right arm.

30. Plaintiff's disability substantially impacts major life activities by causing physical mobility limitations, including limitations on his ability to lift objects.

31. On or about January 8, 2018, Lucero returned to work at Apria.

32. Upon his return, Lucero discussed accommodations with Leticia Rodriguez ("Rodriguez").

33. Lucero requested reasonable accommodations upon his return that would limit his lifting to 35 pounds and would allow him to work a somewhat flexible schedule so that he could attend physical therapy and chiropractic visits to treat his physical injuries.

34. Apria approved these accommodations for Lucero, and he continued to perform his job duties satisfactorily.

35. On or about April 23, 2018, Lucero requested additional reasonable accommodations, including a modified flexible work schedule of 8 hours per day that would allow him to attend medical appointments, a 25 pound lifting restriction, a sit/stand desk, and the ability to conduct some aspects of his job through remote telework.

36. In his reasonable accommodation request, Lucero's medical provider did not provide a date certain of when he would be able to perform the essential functions of his job.

37. Apria allowed Lucero's accommodation requests for a limited duration and provided him with a sit/stand workstation on or about May 17, 2018.

38. On or about May 25, 2018, Apria held a telephone call with Lucero during which Lucero provided information to Rodriguez about continued reasonable accommodation requests, including a somewhat flexible schedule to attend medical appointments and the ability to telework remotely if necessary.

39. Apria neglected to discuss job reassignment as a potential reasonable accommodation with Lucero during each of his interactions requesting reasonable accommodations.

40. Soon after the meeting on May 25, 2018, Apria made the decision to deny Lucero's request for reasonable accommodations.

41. On or about June 7, 2018, Lucero received an email from Kym Knoll informing him that Rodriguez no longer worked for Apria and she would handle his accommodation request going forward.

42. On or about June 14, 2018, Lucero received an email from Apria denying his accommodation request.

43. On or about June 18, 2018, Apria terminated Lucero's employment.

## FIRST CAUSE OF ACTION
### Disability Discrimination - ADA § 12112

44. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

45. Defendant is an employer as that term is defined under the ADA.

46. Lucero's back, neck, and arm nerve conditions substantially impact major life activities for Lucero and are in totality a qualifying disability under the ADA.

47. Defendant knew that Plaintiff suffered from a qualifying disability and was disabled pursuant to the ADA.

48. Defendant willfully and intentionally subjected Lucero to disability discrimination by refusing to provide him the requested reasonable accommodations of the ability to telework from home as needed and a flexible schedule that would allow him to attend medical appointments.

49. Defendant willfully and intentionally subjected Lucero to disability discrimination by refusing to provide him with options for job reassignment as a reasonable accommodation.

50. Defendant terminated Lucero's employment because of his physical disability and Apria's refusal to provide Lucero with his requested reasonable accommodations.

51. Defendant knew its actions violated the ADA, or in the alternative, it acted recklessly indifferent in that regard.

52. As a direct and proximate result of the foregoing actions and conduct of Apria, Lucero has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, and benefits, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience. Lucero also seeks attorney's fees, costs and expenses, and other damages to be determined at trial.

## SECOND CAUSE OF ACTION
### Retaliation - ADA § 12203

53. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

54. Lucero engaged in protected activity by requesting reasonable accommodations.

55. Defendant's conduct in subjecting Lucero to the adverse employment action of termination following his requests for reasonable accommodations is in violation of the ADA § 12203.

56. The effect of these statutory violations was to deprive Lucero of rights and privileges enjoyed by persons who have not engaged in activities protected by the ADA.

57. These statutory violations were intentional.

58. These statutory violations were willful and wanton, and/or were done with malice or with reckless indifference to Lucero's federally protected rights.

59. As a direct and proximate result of the foregoing actions and conduct of Apria, Lucero has suffered, and will continue to suffer, economic damages including loss of back wages,

front wages, and benefits, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience. Lucero also seeks attorney's fees, costs and expenses, and other damages to be determined at trial.

## JURY DEMAND

Plaintiff requests a trial to a jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Aaron Lucero prays for judgment against Defendant Apria Healthcare, LLC in an amount to be determined at trial, pre-judgment and post-judgment interest, costs and expert witness fees, attorney's fees, and for such other and further relief as provided by statute and that the Court may deem proper.

Dated: May 1, 2020.

                                              Respectfully submitted,

                                              */s/Andrew C. Quisenberry*
                                              Andrew C. Quisenberry, Esq.
                                              BACHUS & SCHANKER, LLC
                                              101 West Colfax Avenue, Suite 650
                                              Denver, CO 80202
                                              Telephone: 303.893.9800
                                              Facsimile: 303.893.9900
                                              Andrew.Quisenberry@coloradolaw.net

                                              *Attorney for Plaintiff*